UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES ARCHIMBAUD and TERRILL J. ARCHIMBAUD,

    Plaintiffs,

v.                                        Case No: 6:16-cv-399-Orl-28DAB

U.S. BANK NATIONAL ASSOCIATION,

    Defendant.

## ORDER

Plaintiffs James and Terrill J. Archimbaud bring the instant suit arising from an allegedly erroneous property description in a mortgage agreement that was assigned to Defendant U.S. Bank National Association ("U.S. Bank").[1] (Compl., Doc. 2). Plaintiffs seek damages and reformation of the mortgage under Florida common law and section 697.10, Florida Statutes. (Id.). U.S. Bank filed the instant motion seeking to dismiss the Complaint, arguing that it cannot be held liable as an assignee of the mortgage and that Plaintiffs otherwise fail to plead their claims sufficiently. (Mot. Dismiss, Doc. 13). As set forth below, U.S. Bank's motion must be granted in part and denied in part.

I.     **Background**

On or about August 26, 2005, Plaintiffs entered into a mortgage agreement to refinance the mortgage on their residential property in New Smyrna Beach, Florida, by

---

[1] U.S. Bank National Association is the Defendant in its capacity as Trustee for Structured Asset Mortgage Investments II Inc., Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2005–12.

borrowing money from HomeBanc Mortgage Corporation ("HomeBanc").[2] (Compl. ¶¶ 2, 7–8). Plaintiffs allege that the loan was meant to be secured by the residential property, but the mortgage document drafted by HomeBanc erroneously stated that the loan was secured by twelve oceanfront lots that were also owned by Plaintiffs. (Mortgage, Doc. 2-1, at 3 & 17). The allegedly erroneous mortgage was recorded in the Official Public Records of Volusia County. (Compl. ¶ 8). On August 26, 2005, HomeBanc assigned its ownership in the mortgage to U.S. Bank, the Defendant in this case.[3] (Id. ¶ 8). Plaintiffs claim that they discovered the erroneous encumbrance in the course of attempting to sell the oceanfront lots. (Id. ¶ 12–15).

Plaintiffs now sue U.S. Bank as the assignee of the mortgage, and they allege three counts: slander of title (Count 1), preparing an instrument with an inaccurate legal description in violation of section 697.10, Florida Statutes (Count II), and reformation of mortgage (Count III). (Id. ¶¶ 16–31). U.S. Bank moves to dismiss the Complaint in its entirety, primarily arguing that it is the incorrect defendant because it did not draft, record, or otherwise have any involvement with the allegedly improper legal description in the mortgage. U.S. Bank alternatively argues that the claims are pled insufficiently. In their Memorandum of Law in Opposition (Doc. 20), Plaintiffs' agree Count II should be dismissed but disagree as to dismissing Counts I and III.

---

[2] The Complaint alleges a date of "[o]n or about August 25, 20105 [sic]" as the date HomeBanc lent Plaintiffs a sum of money, (Compl. ¶ 7), but the mortgage agreement attached to the Complaint has a signing date of August 26, 2005, (Mortgage, Doc. 2-1, at 1 & 16). "If the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).

[3] U.S. Bank attached to its Motion to Dismiss a copy of the assignment agreement that states that the mortgage was assigned to U.S. Bank on August 26, 2005. (Assignment, Doc.13-1, at 2).

## II. Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## III. Analysis

### A. Count I—Slander of Title

Plaintiffs allege in Count I that "[b]y recording the [m]ortgage, [U.S. Bank] communicated to third parties a false statement disparaging [Plaintiffs'] title to the [twelve oceanfront lots]." (Compl. ¶ 18). A claim of "slander of title" is a tort of defaming property interests and is analogous to a traditional claim of libel or slander involving defamation of personal reputation. Sailboat Key, Inc. v. Gardner, 378 So. 2d 47, 48 (Fla. 3d DCA 1979). Like claims of libel or slander, a claim of "slander of title" requires a plaintiff to prove, inter alia, that the "defendant published the alleged defamatory statement to a third party." Tishman-Speyer Equitable S. Fla. Venture v. Knight Invs., Inc., 591 So. 2d 213, 214 (Fla. 4th DCA 1991). "[O]nly one who publishes can be subject to this form of tort liability." Doe v. Am. Online, Inc., 783 So. 2d 1010, 1017 (Fla. 2001) (discussing the definition of

3

"publisher" in a negligence action involving "distributor liability," which is "indistinguishable from a garden variety defamation action").

U.S. Bank argues that because it did not record the mortgage Plaintiff fails to state a claim for slander of title. U.S. Bank points out that the "Recording Data" section of the mortgage document states "Return to HomeBanc Mortgage Corporation" in the address heading, and it argues that such a heading would not be present if U.S. Bank recorded the mortgage. This argument has some appeal, but at this stage I cannot conclude that a reference to HomeBanc in the address portion of the mortgage establishes that U.S. Bank did not record the mortgage. Without additional information establishing HomeBanc as the recorder, I must accept the facts alleged in the Complaint as true—namely, that U.S. Bank recorded the mortgage.

U.S. Bank additionally argues that because it is a mere assignee, it cannot be held liable for the torts of its assignor, HomeBanc. U.S. Bank correctly points out that a tortfeasor cannot transfer tort liability by assigning a mortgage to a third party. Holm v. Sun Bank/Broward, N.A., 423 So. 2d 1007, 1008 (Fla. 4th DCA 1982) ("[A]ppellee's assignment of the mortgage may not be used as a shield to insulate appellee from liability for its own tortious conduct."); id. ("We find no merit in appellee's argument that its assignment of the note and mortgage transferred liability for any such misrepresentations to the assignee."). However, Plaintiffs are not basing their claim on U.S. Bank's status as assignee; rather they are alleging that U.S. Bank—not HomeBanc—published the mortgage to a third party and therefore committed the tort of slander of title.[4] (Compl. ¶ 18). Because the Complaint

---

[4] Even assuming HomeBanc recorded the mortgage, U.S. Bank could potentially be liable as an assignee by "failing to take reasonable steps to remove defamatory statements from property under [its] control." Doe v. Am. Online, Inc., 783 So. 2d 1010, 1017 (Fla.

4

alleges sufficient factual detail to state a claim of slander of title, U.S. Bank's motion is due to be denied as to Count I.

### B. Count III—Reformation

Plaintiffs allege in Count III that "due to scrivener's error or inadvertence, the [m]ortgage inaccurately references the [twelve oceanfront lots] as serving as collateral for the [l]oan," (Compl. ¶ 29), and "[t]hus, the [m]ortgage does not accurately express the true intention and agreement of the parties to the [l]oan." (Id. ¶ 30). Plaintiffs allege that the "[m]ortgage should be reformed to remove all reference to the [twelve lots] and should only reference the [residential property] as being encumbered by the [m]ortgage." (Id. ¶ 31). "A court of equity has the power to reform a written instrument where, due to a mutual mistake, the instrument as drawn does not accurately express the true intention or agreement of the parties to the instrument." Goodall v. Whispering Woods Ctr., L.L.C., 990 So. 2d 695, 699 (Fla. 4th DCA 2008). "A mistake is mutual when the parties agree to one thing and then, due to either a scrivener's error or inadvertence, express something different in the written instrument." Id.

U.S. Bank argues that Plaintiffs fail to allege the mistake with sufficient particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure,[5] which requires that a party alleging mistake "must state with particularity the circumstances constituting . . . mistake." Fed. R. Civ. P. 9(b). Count III is pled with sufficient particularity to satisfy Rule

---

2001) ("[A] publisher is not merely one who intentionally communicates defamatory information. Instead, the law also treats as a publisher or speaker one who fails to take reasonable steps to remove defamatory statements from property under her control." (quoting Zeran v. Am. Online, Inc., 958 F. Supp. 1124, 1133 (E.D. Va.), aff'd, 129 F.3d 327 (4th Cir. 1997))).

[5] U.S. Bank incorrectly cites the Florida Rules of Civil Procedure rather than the federal rules.

9(b), as it includes the date of the mortgage's execution, the identity of the drafter of the mortgage, the relevant mistaken terms included in the mortgage, and the relevant details involving the recording of the mortgage. (Compl. ¶¶ 7–15, 27–31). U.S. Bank's motion as to Count III is due to be denied.[6]

## IV.   Conclusion

It is hereby **ORDERED** and **ADJUDGED** that:

1.   Defendant U.S. Bank, N.A.'s Motion to Dismiss (Doc. 13) is **GRANTED in part and DENIED in part**. The motion is **GRANTED** insofar it seeks to dismiss Count II of the Complaint. The motion is **DENIED** with respect to Counts I and III.

2.   Count II of the Complaint is **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida, on May _3/_, 2016.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[6] To the extent U.S. Bank relies on its status as an assignee of the mortgage to argue that Plaintiffs fail to state a claim for reformation, its argument fails. U.S. Bank's status as an assignee is an equitable defense to a claim of reformation, see Florida Masters Packing, Inc. v. Craig, 739 So. 2d 1288, 1290 (Fla. 4th DCA 1999) ("Reformation is generally allowed against all persons except a bona fide purchaser for value and without notice." (quoting Holley v. May, 75 So. 2d 696, 697 (Fla. 1954))), and cannot be resolved on a 12(b)(6) motion to dismiss. La Grasta, 358 F.3d at 845.